### ISLAND COAL COMPANY *v*: REHLING.

[No. 2,833.  Filed May 9, 1899.]

INSTRUCTIONS.—*Attachment.*—*Fraud.*—An instruction in the trial of a proceeding in attachment that if the jury found that defendant when in failing circumstances had preferred one creditor over another, by conveying to him property by deed or mortgage such fact of itself would not justify the issuing of a writ of attachment, is not erroneous.  *pp. 306, 307.*

SAME.—*Attachment.*—*Fraud.*—An instruction in the trial of an action in attachment that, if defendant left the State on a certain day, went to a foreign state and returned to this State on a certain day and did not make any public announcement as to where he was

Island Coal Co. *v.* Rehling.

going, or when he would return, that these facts standing alone would not sustain the charge of fraud, is not an invasion of the province of the jury. *pp. 307, 308.*

From the Hamilton Circuit Court. *Affirmed.*

*Stephenson, Shirls & Fertig,* for appellant.

*W. W. Spencer, E. P. Ferris* and *W. C. Rehling,* for appellee.

WILEY, J.—This was an action upon a note and an account, in which appellant was plaintiff and appellee defendant. With the complaint was filed an affidavit for an attachment, and upon the filing of a bond, a writ of attachment was duly issued and served. Upon the issues being joined, the case was tried by a jury, resulting in a verdict for appellant on the note and account, and in favor of appellee as to the attachment. Over appellant's motion for a new trial, judgment was rendered on the verdict, and overruling the motion for a new trial is the only error assigned. The appellant relies for a reversal solely on the action of the court in giving three designated instructions, and this is the only question discussed. The instructions complained of are numbers three, four, and five. Number three is as follows: "A person being in debt or failing circumstances, has a right to prefer one creditor or class of creditors over another creditor or creditors, and the fact that he conveys property, either by a mortgage or a deed, to one creditor or class of creditors, and does not convey any property to certain other creditors, is not fraudulent, and that fact of itself will not sustain or justify the issuing of a writ of attachment; and, if you find from the evidence that the defendant did so transfer his property, then your finding should be for the defendant on this branch of the case relating to the attachment."

Before taking up this instruction for discussion, it is proper to say that appellant sued out its writ of attachment, and attempted to sustain that branch of its case upon the ground that appellee had secretly left the State with intent to

Island Coal Co. *v.* Rehling.

defraud his creditors, and that he had sold, conveyed, or otherwise disposed of his property subject to execution, or was about to sell the same with the fraudulent intent to cheat, hinder, and delay his creditors.

Appellant insists that the instruction quoted is wrong, because it takes from the jury the question of fraud. In this insistence we cannot concur. If we clearly comprehend the meaning and import of the instruction, it makes no attempt to take away from the jury the question of fraud. True, the instruction is not as full and comprehensive as it might be, but it does not purport to cover the whole question under the averments of the affidavit in attachment. It is not expected nor intended that the court should cover the whole case in a single instruction. *Louisville, etc., R. Co.* v. *Shanklin,* 98 Ind. 573. As far as it goes, and as far as the court intended it should go, it clearly and correctly states the law. That a debtor in failing circumstances may prefer one creditor over another is a proposition of law so firmly settled, and so familiar that it would be a waste of time to either discuss it, or cite authorities in support of it. In the instruction we are considering, the court told the jury if they found that appellee, when in failing circumstances, had preferred one creditor over another, by conveying to him property by deed or mortgage such fact of itself would not justify the issuing of a writ of attachment. This was a plain statement of the law.

Instruction number four, relates to the same subject-matter, and as appellant's learned counsel have passed it over by merely saying that it is subject to the same objection, and have not discussed it, we content ourselves by saying that what we have said as to the third instruction is applicable to it, and that we are unable to see any objection to it.

Instruction number five, is as follows: "If you find from the evidence that after the execution of the conveyances and mortgages which were introduced in evidence in the case, executed on the 16th day of March, 1897, that the defendant left the State of Indiana, and went to the state of Mich-

igan, and returned on the 22nd day of March, 1897, and without making any public announcement as to where he was going, and when he would return, this fact standing alone would not sustain the charge of fraud, nor justify the writ of attachment in this case." Again counsel say that by this instruction the court invaded the province of the jury. Epitomized, the court here instructed the jury that if appellant left the State of Indiana on a certain day, went to a foreign state, and returned to this State on a certain day, and he did not make any public announcement as to where he was going, or when he would return, these facts standing alone would not sustain the charge of fraud. If there was any invasion of the rights of the jury in this instruction, we are unable to see it. A person is not required by law, ethics, or custom, to make a public announcement, when he leaves the State nor when he will return; and the facts that he does leave the State, remains absent six days, and returns, and does not make a public announcement of his outgoing and incoming, standing alone, will not sustain the charge of fraud. The proposition is too plain, it seems to us, to admit of argument. In other instructions the jury were fully instructed on the question of the fraudulent intent of appellee, as charged in the affidavit, and after a careful consideration of all the instructions, we are confident that appellant's rights were not prejudiced.

The instructions, considered as a whole, were as favorable to appellant as it had any reason to ask, and, so considered, they correctly stated the law as applied to the facts in the case before us. Upon the whole record, a correct conclusion was reached in the court below, and, there being no error, the judgment is affirmed.